358 So.2d 615 (1978)
Eldridge A. McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. II-106.
District Court of Appeal of Florida, First District.
May 17, 1978.
*616 Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Patti Englander and George R. Georgieff, Asst. Attys. Gen., for appellee.
PER CURIAM.
Information alleged that appellant committed robbery and that in the course of committing the robbery, he carried a firearm, contrary to Section 812.13(2)(a), Florida Statutes (1975). Appellant was convicted of robbery while carrying a weapon, Section 812.13(2)(b), Florida Statutes (1975), and was sentenced to thirty years imprisonment. Appellant contends that the evidence was insufficient to establish that he carried a weapon in the course of committing the robbery.
The evidence adduced by the State established that during the commission of the robbery appellant carried a cigarette lighter which was shaped like a gun. We do not believe the cigarette lighter constituted a "weapon" for the purposes of the aggravated penalty provided for in Section 812.13(2)(b), Florida Statutes (1975).
Robbery is a second degree felony punishable by a maximum term of imprisonment of fifteen years. Sections 812.13(2)(c); 775.082(3)(c), Florida Statutes (1975). The Legislature has provided that if a firearm or other deadly weapon is utilized in the robbery, then the offense is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. Section 812.13(2)(a), Florida Statutes (1975). Further, if a weapon is utilized during the course of the robbery, the offense is a first degree felony punishable by imprisonment not exceeding thirty years. Sections 812.13(2)(b), 775.082(3)(b), Florida Statutes (1975). Thus, it is apparent that the Legislature intended that punishment be more severe where a criminal uses a firearm or weapon capable of inflicting great bodily harm to assist him in the robbery. The purpose of these provisions in *617 part, is to discourage the use of such firearms or weapons during a robbery.
Section 790.001(13), Florida Statutes (1976 Supp.), defines the term "weapon" as "any dirk, metallic knuckles, slingshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon except a firearm or common pocket knife." The cigarette lighter is not a "weapon" as previously defined unless it is classifiable as a "deadly weapon." Although a cigarette lighter might be so classified if, by its use or threatened use, death or great bodily harm is likely to be produced,[1] the evidence herein did not so establish. The cigarette lighter was merely pointed at the victim as if it were a gun.
Accordingly, the judgment and sentence for robbery while armed with a weapon is reversed and the cause is remanded for entry of judgment of robbery under Section 812.13(2)(c) and for imposition of sentence thereunder.
MILLS, Acting C.J., and ERVIN and MELVIN, JJ., concur.
NOTES
[1] For example, if the object were used as a bludgeon, depending on its size and weight, an object, such as a cigarette lighter, might be classified as a deadly weapon.