561 So.2d 1341 (1990)
William Edward BATES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01937.
District Court of Appeal of Florida, Second District.
June 1, 1990.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Acting Chief Judge.
Bates has presented three contentions in support of an effort to reverse his conviction and the sentence imposed upon him but we find that only one is meritorious. He was charged with armed robbery with a deadly weapon.
Bates entered a convenience store and approached the clerk with an object covered by a rag and stated that he had a ".22" and demanded she give him the store's money. The clerk never saw the object within the rag and the state conceded that a ".22" was never found. Following his arrest, Bates admitted that he held a "nut driver" under the rag.
Bates was charged with robbery in the first degree, a crime dependent upon the offender commiting the act while carrying a firearm or other deadly weapon, punishable by a term of years not to exceed life. § 812.13(2)(a), Fla. Stat. (1987). There is no dispute that Bates was not carrying a firearm when he committed the robbery. The question, however, is whether the nut driver is a "deadly weapon" as those words are used in section 812.13(2)(a). A "deadly weapon" has been defined as "any instrument that, when used in the ordinary manner contemplated by its design and construction, will or is likely to cause death or great bodily harm." Depasquale v. State, 438 So.2d 159, 160 (Fla. 2d DCA 1983). Moreover, "[a]n object becomes a deadly weapon if its sole modern use is to cause great bodily harm." Robinson v. State, 547 So.2d 321, 323 (Fla. 5th DCA 1989). Bates, however, neither used nor threatened to use the nut driver in a violent way. He merely stated that it was a gun he was holding. A nut driver when used for its designed purpose would not cause death or great bodily harm. We caution, however, that the result we reach is tied entirely to the manner in which Bates employed the nut driver. Had he threatened to use it as a bludgeon that could have resulted in death or great bodily harm, a first degree conviction would have been appropriate. McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978). Our case is similar to McCray. McCray was convicted of robbery with a firearm. The evidence disclosed that he *1342 was, in fact, carrying only a cigarette lighter shaped like a gun. It was determined, however, that the lighter did not qualify as a weapon or a deadly weapon. The court noted that "a cigarette lighter might be so classified if, by its use or threatened use, death or great bodily harm is likely to be produced... ." 358 So.2d at 617.
Furthermore, a first degree conviction cannot stand on the ground that Bates was carrying a weapon. A "weapon" means "any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or common pocket knife." § 790.001(13), Fla. Stat. (1987). Following the principal of ejusdem generis, the nut driver does not fit the statutory definition of a weapon.
Bates' conviction for armed robbery with a deadly weapon is reversed. This matter is remanded for entry of a judgment of second degree robbery pursuant to section 812.13(2)(c), Florida Statutes (1987). Bates should be resentenced accordingly. In all other aspects this matter is affirmed.
PARKER and ALTENBERND, JJ., concur.