605 So.2d 874 (1992)
Clarence BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-87.
District Court of Appeal of Florida, First District.
March 9, 1992.
On Motion for Rehearing April 15, 1992.
On Motion for Second Rehearing October 22, 1992.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his convictions and sentences arising out of a crime spree. We agree with appellant that his conviction for robbery with a weapon should be reversed and a judgment entered for the lesser offense of simple robbery, because the starter pistol used in the offense did not constitute a weapon under the facts of this case. We affirm as to all other issues.
Turning to the arguments presented, we first note that appellant's challenge to the constitutionality of the habitual felony offender statute has been raised and rejected by this and other courts of this state, and does not form a basis for reversal. See e.g. Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991). Next, in Daniels v. State, 577 So.2d 725 (Fla. 1st DCA 1991), this court ruled that consecutive mandatory minimum sentences under the habitual violent felony offender statute are permissible. Finally, although it is inconsequential in light of our reversal of appellant's robbery with a weapon conviction, we note that at sentencing the trial court erroneously advised appellant that he would be eligible for parole in 30 years; however, section 775.084(4)(e), Florida Statutes (1989), provides that Chapter 947 shall not be applied to persons sentenced as habitual felons.
*875 As to the offense charging robbery with a weapon, only a brief recital of the facts is necessary. Appellant drove a silver van into a self-service gas station. After pumping gas, he went to the pay window, displayed a small black pistol, and demanded money from the clerk, Robert Woodworth. With police in pursuit, he drove the van to a nearby neighborhood and fled on foot. He was apprehended and subsequently identified by Woodworth. Officers recovered a black starter pistol from the yard of a home between the points where the van was abandoned and appellant was apprehended.
In opposition to appellant's motion for judgment of acquittal on the count charging robbery with a weapon, the state argued below, as here, that although the starter pistol did not meet the statutory definition of a firearm, it was a weapon for purposes of section 812.13(2)(b) because it could have been used as a bludgeon. On appeal, appellant agrees that an object may be construed as a deadly weapon, which is encompassed within the definition of a weapon, section 790.001(13), Florida Statutes (1989)[1] because of its use or threatened use during an alleged crime. McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978). However, appellant contends that the starter pistol in this case could not be considered a deadly weapon because the undisputed evidence shows that its threatened use was as a firearm, and it was not used or threatened to be used as a bludgeon. We agree with appellant's contention.
As the state acknowledges, the McCray case focuses on the definition of weapon found in section 790.001(13). The state contends, however, that the Florida Standard Jury Instruction on Robbery, which also defines weapon, is relevant in this case. The Florida Standard Jury Instruction defines weapon as something that "could be used to cause death or inflict serious bodily harm." The state argues, accordingly, that the starter pistol in this case could have been used to cause death or inflict serious bodily harm. Aside from the fact that we find no evidentiary basis in the record to support this conclusion, we also find that the state's argument concerning the effect of the jury instruction is without merit.
It is true that Florida courts have generally utilized the statutory definition of "weapon" provided in section 790.001(13) to determine whether a particular object constitutes a "weapon" for purposes of section 812.13(2)(b). Streetman v. State, 455 So.2d 1080, 1082 (Fla. 2d DCA 1984). Using this approach, courts determine that a device used in the course of a robbery qualifies as a weapon only if it is either one of the objects specifically delineated in the statute, or a deadly weapon. Id. As this court recognized in McCray, 358 So.2d at 617, a weapon is deadly if, by its use or threatened use, death or great bodily injury is likely to be produced. Whether a particular object is a deadly weapon oftentimes depends upon the nature and actual use of the instrument. Id. The state urges here that the standard jury instruction provides a different standard to measure weapon status from that of the definition of weapon contained in section 790.001(13). We disagree. As the Streetman court pointed out, both the standard jury instruction and the statutory definition focus on the capability of the instrument to injure. Streetman, 455 So.2d at 1082.
In this case, the state did not prove that the starter pistol had a capability to injure. The starter pistol was not used in a manner which would or could cause death or inflict serious bodily harm. Bates v. State, 561 So.2d 1341 (Fla. 2d DCA 1990); Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989); Ridley v. State, 441 So.2d 188 (Fla. 5th DCA 1983); Paul v. State, 421 So.2d 696 (Fla. 2d DCA 1982); and MRR v. State, 411 So.2d 983 (Fla. 3d DCA 1982); compare Gomez v. State, 496 So.2d 982 (Fla. 3d DCA 1986) (toy gun was a "weapon" for purposes of armed robbery with a weapon conviction under section 812.13(2)(b) where the toy gun was used to strike the robbery *876 complainant several times); Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985) (razor blade a deadly weapon when it was held to the victim's throat in an attempted armed robbery). We therefore reverse the conviction for robbery with a weapon, and direct entry of a judgment of conviction for the lesser offense of simple robbery pursuant to section 812.13(2)(c), Florida Statutes (1989).
Finally, as we did in Daniels v. State, we certify the following question to the Florida Supreme Court:
GIVEN THE LEGISLATIVE INTENT UNDERLYING CHAPTER 88-131, LAWS OF FLORIDA, AND THE COURT'S DECISIONS IN STATE V. ENMUND, 476 So.2d 165 (FLA. 1985), AND STATE V. BOATWRIGHT, 559 So.2d 210 (FLA. 1990), DOES A TRIAL JUDGE HAVE THE DISCRETION, UNDER SECTIONS 775.021(4) AND 775.084, FLORIDA STATUTES (1989), TO IMPOSE CONSECUTIVE MINIMUM MANDATORY TERMS OF INCARCERATION, FOR FELONIES COMMITTED BY AN HABITUAL VIOLENT FELONY OFFENDER?
AFFIRMED in part REVERSED in part and REMANDED for further proceedings consistent with this opinion.
ZEHMER and ALLEN, JJ., concur.

OPINION ON MOTION FOR REHEARING
PER CURIAM.
Appellant has filed a motion for rehearing, contending, and correctly so, that our opinion overlooks the supreme court's recent decision in Daniels v. State, 595 So.2d 952 (Fla. 1992), which was released just prior to the release of our opinion in this case. The supreme court's Daniels decision holds that a court may not impose consecutive mandatory minimum terms of incarceration for felonies committed by a habitual violent felony offender arising from the same criminal episode.
In the case before us appellant received consecutive minimum mandatories for attempted robbery of Barbara Rahilly,[1] grand theft of an automobile belonging to Rahilly, grand theft of an automobile belonging to Louise Manning, and robbery with a weapon of Robert Woodworth, which we reduced to simple robbery for the reasons stated in our original opinion. We agree with appellant that because the attempted robbery of Rahilly and the grand theft of her automobile arose out of a criminal episode which took place in one continuous temporal sequence and at the same location, the minimum mandatories imposed for these two offenses should have been designated to run concurrently rather than consecutively. However, the offenses against the other two victims were separate temporally and geographically from each other, and from the offenses against Rahilly and her property. We therefore adhere to our original holding that consecutive minimum mandatories for these offenses was permissible.
In its Daniels decision, the Florida Supreme Court analogized mandatory minimum sentences imposed under the habitual violent felony offender statute, section 775.084, Florida Statutes (Supp. 1988), to sentences imposed under section 775.087, Florida Statutes, requiring a three-year minimum mandatory sentence for the use of a firearm during the commission of certain enumerated crimes, and ruled that the principle of Palmer v. State, 438 So.2d 1 (Fla. 1983) applied to preclude stacking minimum mandatory sentences for crimes which arose out of a single criminal episode. In Palmer, the supreme court reasoned that nowhere in the language of section 775.087 was there express authority by which a trial court could deny a defendant eligibility for parole for a period greater than three calendar years when the convictions were for offenses arising from incidents occurring at the same time and place during a continuous course of criminal *877 conduct. Palmer, 438 So.2d at 3. However, the Palmer court expressly noted that consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places were not prohibited. Palmer, 438 So.2d at 4.
In the present case, appellant's initial brief argued that the trial court lacked authority to make appellant's sentences consecutive or to stack the mandatory minimum terms for offenses prosecuted in a single case because the enhancing language of section 775.084(4)(b) employs the word "case" and not "offense" or "crime." We reject appellant's contention that consecutive habitual violent offender sentences are prohibited, as such argument is contrary to section 775.021(4), Florida Statutes, which clearly permits a separate sentence for each criminal offense, and provides that the sentences may be imposed consecutively. The supreme court impliedly ruled as much in its Daniels decision, by affirming without discussion Daniels consecutive habitual violent offender sentences.
The Florida Supreme Court has now clarified the subtleties in the law concerning minimum mandatories in its Daniels decision by ruling that a trial court may not impose consecutive minimum mandatory sentences for felonies committed by an habitual violent felony offender arising from a single criminal episode. Importantly, the court restricted its ruling to minimum mandatory sentences for felonies arising from a single criminal episode, and impliedly, as it expressly did in Palmer, refused to prohibit consecutive minimum mandatory sentences for offenses arising from separate incidents occurring at separate times and places.
Because the offenses against the three victims in this case were separate temporally and geographically, Murray v. State, 491 So.2d 1120 (Fla. 1986), the holding of Daniels does not apply to preclude consecutive minimum mandatories. Conversely, because the offenses against Rahilly and her property were committed in one place and at approximately the same time, the minimum mandatories for these offenses should have been designated concurrent rather than consecutive. Accordingly, with the exception noted, we adhere to our opinion affirming appellant's consecutive mandatory minimum sentences.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SMITH, ZEHMER and ALLEN, JJ., concur.

OPINION ON SECOND MOTION FOR REHEARING
PER CURIAM.
This court issued its Opinion On Motion For Rehearing, which was filed April 15, 1992. Subsequently, appellant filed his second motion for rehearing in which he also requested rehearing en banc, and certification of a question of great public importance. Upon consideration, we deny appellant's second motion for rehearing, and for rehearing en banc, and adhere to our original Opinion On Motion For Rehearing.
However, in view of the uncertainties on this issue raised by the arguments of counsel, we certify as a question of great public importance the following:
MAY CONSECUTIVE ENHANCED SENTENCES BE IMPOSED UNDER SECTION 775.084, FLORIDA STATUTES, FOR CRIMES GROWING OUT OF A SINGLE CRIMINAL EPISODE?
SMITH, ZEHMER and ALLEN, JJ., concur.
NOTES
[1] Section 790.001(13) provides that weapon means any dirk, metallic knuckles, slung shot, billie tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocket knife.
[1] The judgment incorrectly lists attempted robbery without a weapon as a second-degree felony. It is a third-degree felony. § 812.13(2)(c), 777.04(4)(c), Fla. Stat. (1989). On remand, this error should be corrected.