BENTON, Judge,
concurring and dissenting.
The testimony on which the majority relies as showing, beyond a reasonable doubt, that appellant Smith had a weapon the night he broke out of the Jackson County jail proves no more than that he pinched the jailer’s neck, using his fingernails. This is one of those rare cases in which an appeals court, asked to review the denial of motions for judgment of acquittal and for a new trial, *127 ought to find that evidence to support the verdict simply was not there.
The majority’s scholarly opinion largely misses the point. The cases to do with threats are inapposite. “I’ll kill you,” unlike “Stop or I’ll shoot” or “Give me the money or I’ll blow your brains out” or “I have a gun” or “I’ll slit your throat” or “I have a knife,” does not give rise to an inference that the declarant is armed. Human beings can kill one another with their bare hands, just as an unarmed prisoner can escape from jail.
What do we and the jury know about this supposed weapon? We do not know how it tastes, smells, sounds or looks. This last category of ignorance is particularly telling: The jailer, Officer Vernon Spencer, saw both of appellant’s hands (at first holding a mop handle) as he came straight for him. But he did not see a weapon then or while the appellant held him against a wall or walked him along a catwalk or held him against the bars of an empty cell as he was tied and gagged. None of the several people who witnessed events testified to seeing a weapon or anything that looked like a weapon.
All we know about how “the unknown object” felt is Officer Spencer’s testimony that it was pointed and felt like “[a] little pinch.” We do not know whether it felt hot or cold, rough or smooth, wooden or ceramic. But we do know that the jailer’s skin was broken at the place on his neck where he felt “some type of point.” Rushed to the hospital after the jail break, Officer Spencer did not require so much as a Band-Aid for what he described in a nearly contemporaneous statement as “just a little scratch of the skin.”
“The use of a deadly weapon must be charged and proved.” Goswick v. State, 143 So.2d 817, 820 (Fla.1962) (aggravated assault). To infer from this evidence that appellant had a weapon is an act of imagination inconsistent with due process. A point and a pinch do not a weapon make. Today’s affir-mance is at odds with controlling precedent. E.g., Brooks v. State, 605 So.2d 874 (Fla. 1st DCA 1992) (starter pistol not a weapon), quashed on other grounds, 630 So.2d 527 (Fla.1993); Heston v. State, 484 So.2d 84 (Fla. 2d DCA 1986) (crossbow not a deadly weapon without arrows); M.R.R. v. State, 411 So.2d 983 (Fla. 3d DCA 1982) (starter pistol not a deadly weapon); M.M. v. State, 391 So.2d 366 (Fla. 1st DCA 1980) (same), review denied, 411 So.2d 384 (Fla.1981); McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978) (cigarette lighter shaped like and reasonably mistaken for a pistol not a deadly weapon); Rogan v. State, 203 So.2d 24 (Fla. 3d DCA 1967) (flower pot not a deadly weapon).
The convictions for conspiracy to commit escape and depriving an officer of his means of communication should be affirmed. Because, in my opinion, the evidence, when viewed in a light most favorable to the State, was insufficient to prove the existence of the weapon alleged in the information, I would remand with directions that appellant’s conviction for kidnapping with a weapon be reduced to kidnapping; for escape with a weapon, to escape; and for aggravated assault on a correctional officer, to assault on a correctional officer.