651 So.2d 1242 (1995)
Alfraedo WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02632.
District Court of Appeal of Florida, Second District.
March 10, 1995.
Susan Hartmann, Bradenton, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Alfraedo Williams appeals his convictions for armed robbery, escape, resisting arrest without violence, and obstructing an officer without violence. We affirm as to all but the armed robbery. While Williams is clearly guilty of unarmed robbery, we agree with his argument that the state failed to meet its burden of proving armed robbery.
The information charged Williams with robbery during the course of which he carried a weapon, to-wit: hot coffee, in violation of sections 812.13(1) and (2)(b), Florida Statutes (1991). The question is whether the state proved that hot coffee is a "weapon" under section 812.13(2)(b). Florida courts have generally utilized the statutory definition of "weapon" provided in section *1243 790.001(13) to determine whether a particular object consititutes a "weapon" for purposes of section 812.13(2)(b). See Streetman v. State, 455 So.2d 1080, 1082 (Fla. 2d DCA 1984). Using this approach, courts determine that a device used in the course of a robbery qualifies as a weapon only if it is either one of the objects specifically delineated in the statute or a deadly weapon. This approach is consistent with the definition contained in the standard jury instruction for robbery which provides "[a] `weapon' is legally defined to mean any object that could be used to cause death or inflict serious bodily harm." Fla. Std. Jury Instr. (Crim.) 1050. See also Gust v. State, 558 So.2d 450, 452 (Fla. 1st DCA 1990) (stating that the definition of "weapon" most pertinent to an armed robbery charge is found in the Florida Standard Jury Instructions for armed robbery).
Where the instrument is not a firearm as statutorily defined, Florida courts apply an objective test and look to the nature and actual use of the instrument and not to the subjective fear of the victim or intent of the perpetrator. Streetman, 455 So.2d at 1082. The question in this case is whether the coffee was of a nature or used in a manner that it could have resulted in death or great bodily harm. See Bates v. State, 561 So.2d 1341 (Fla. 2d DCA 1990) (determining that a nut driver was not a deadly weapon because of the manner in which Bates employed the nut driver). In addition, the state must prove more than that a particular person suffered some harm. The state must prove that the instrument used as a weapon was likely to cause great bodily harm because of the way it was used during the crime. See D.C. v. State, 567 So.2d 998 (Fla. 1st DCA 1990) (state failed to present evidence that spraying deodorant on person's body at close range was likely to cause death or great bodily harm even where particular victim suffered some harm and received medical treatment).
In this case, the state failed to present competent evidence that the coffee, alleged as the weapon, had the capability to cause death or inflict serious bodily harm. Neither party argues that the coffee was used in such a manner that it could have resulted in death. Further, although the victim testified about his injuries, the state failed to present evidence that the coffee could cause great bodily harm.
The robbery occurred during the early morning hours of March 7, 1993, when Williams and a companion entered a convenience store. Williams purchased a cup of coffee. While his companion was paying for his own purchase, Williams threw the coffee on the store clerk and took money out of the cash register. Williams and his companion fled the store and were apprehended a short time later.
The victim presented the only evidence regarding the weapon and the injuries he sustained. The victim testified that the coffee caused him to suffer "a lot of pain" and raised blisters on his nose and shoulders. He testified that if he had not been wearing glasses, the coffee would have entered his eyes. The victim testified that if that had happened, he "would have had some sort of eye trouble." However, the victim also testified that he received no medical treatment or first aid for his injuries. He suffered no scars, marks or disfigurement from the incident. The victim testified that he was not incapacitated by his injuries.
The victim's testimony did not prove that his injuries from the coffee were of such a degree as to constitute "great bodily harm." The state presented no other evidence to prove that the coffee was a weapon. Had the state met its burden and presented competent evidence that the coffee caused great bodily harm, we would affirm.
However, the evidence presented in this particular case was insufficient to establish that the coffee was a weapon under the robbery statute, and therefore, we reverse the armed robbery conviction. We remand to the trial court for entry of a judgment for second degree robbery pursuant to section 812.13(2)(c). Williams should be resentenced accordingly. In all other aspects, this matter is affirmed.
PARKER, A.C.J., and QUINCE, J., concur.