679 So.2d 792 (1996)
Julian BLANCO, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2800.
District Court of Appeal of Florida, Third District.
July 17, 1996.
Rehearing Denied October 9, 1996.
*793 Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Steven Groves, Assistant Attorney General, for appellee.
Before NESBITT, COPE and FLETCHER, JJ.
PER CURIAM.
Julian Blanco appeals a judgment of conviction and sentence for robbery with a weapon in violation of section 812.13(2)(b), Florida Statutes. We reverse the conviction and sentence and remand with directions to adjudge the defendant guilty of simple robbery under section 812.13(2)(c), and for resentencing.
The State charged Blanco with robbing a supermarket cashier with a weapon, namely, a bottle. The evidence adduced at trial showed that the defendant apparently pressed an orange soda bottle against the cashier's back to simulate a firearm. At the close of the State's case, Blanco's counsel moved for a judgment of acquittal stating in part: "We would also argue to the Court in the light most favorable to the State at this time, they failed to prove the element of the charge of armed robbery. Specifically, ... the use of a weapon." The trial court denied the motion, and denied Blanco's renewed motion at the close of all the evidence. Blanco was ultimately convicted and sentenced to five years imprisonment as a habitual felony offender.
We agree with Blanco's argument that the State failed to present sufficient evidence to carry its burden of proving that Blanco carried or used a "weapon" during the robbery.
Florida courts have generally utilized the statutory definition of "weapon" provided in section 790.001(13)[[1]] to determine whether a particular object constitutes a "weapon" for purposes of section 812.13(2)(b).... Using this approach, courts determine that a device used in the course of a robbery qualifies as a weapon only if it is either one of the objects specifically delineated in the statute or a deadly weapon....
Where the instrument is not a firearm as statutorily defined [or a specifically delineated weapon], Florida courts apply an objective test and look to the nature and *794 actual use of the instrument and not to the subjective fear of the victim or intent of the perpetrator.... The question is whether the [instrument] was of a nature or used in a manner that it could have resulted in death or great bodily harm.... The state must prove that the instrument used as a weapon was likely to cause great bodily harm because of the way it was used during the crime.
Williams v. State, 651 So.2d 1242, 1242-43 (Fla. 2d DCA 1995) (citations omitted).
In the instant case, the State failed to introduce any evidence that the orange soda bottle was of a nature or used in a manner likely to cause death or great bodily harm. See, e.g., Williams, 651 So.2d at 1243 (coffee); Butler v. State, 602 So.2d 1303 (Fla. 1st DCA 1992) (long hard unidentified object carried under clothing); Bates v. State, 561 So.2d 1341 (Fla. 2d DCA 1990) (nut driver covered by a rag). Consequently, Blanco's motion for judgment of acquittal, on this point, should have been granted. Blanco's other point on appeal is without merit and we do not address it.
Thus, we reverse the armed robbery conviction and vacate Blanco's sentence. We remand with directions to adjudge Blanco guilty of unarmed robbery under section 812.13(2)(c) and to resentence him accordingly.
Reversed and remanded with directions.
NOTES
[1] That subsection provides: "`Weapon' means any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife."