SORONDO, J.
Alejandro Rodriguez (defendant), appeals from the lower court’s final judgment of conviction and twenty-five year habitual offender sentence.
The defendant was charged by amended information with burglary with an assault or battery while armed and robbery using a deadly weapon or firearm.
At trial, the victim testified that she heard a knock on her apartment door, looked through a window and saw a man who she did not recognize. She did not open the door and instead walked upstairs. She then heard a noise and began to walk downstairs, when she saw a man coming through the window. She identified the defendant both in court and out of court.
The defendant demanded that she remove and give him her jewelry and money. She complied, begging him not to hurt her. The defendant said he would not and ordered her not to call the police. She threw jewelry worth about $1000 down the stairs. She then obeyed an order for her to walk up to the landing and be quiet. The defendant said he was going to come upstairs, and she responded there was nothing there and again begged him not to hurt her. The defendant told her to shut up, said he would kill her if he wanted and ordered her not to touch the phone. The victim believed that the defendant was going to shoot her, even though he did not say that he had a gun and she did not see one. The defendant then rummaged about out of her sight.
*1226 The defendant came back to the foot of the stairs, saw the victim’s ankle bracelet and told her to give it to him. She threw the anklet, but it landed halfway down the stairs. She walked down and bent over to get it. The defendant approached and hit her in the forehead with “something” as she was bent over. She did not see what he used to strike her. The blow resulted in a hematoma, a black and blue area and a bump. A photo of the injury was admitted into evidence and shown to the jury.
The victim ran upstairs and locked herself in a room. After hearing a door slam downstairs, she “fainted a little” and stayed where she was until her boyfriend came home. She identified a deadbolt lock found on her kitchen counter that had not been there before the incident. A photograph was- introduced of the gated entrance to the apartment complex, where a lock was missing.
The defendant moved for a judgment of acquittal, arguing that the state failed to prove a prima facie case for the . crimes charged or the existence of a firearm or deadly weapon. The court reserved ruling on the existence of a firearm but otherwise denied the motion.
During the presentation of his case, the defendant called a fingerprint technician who testified that latent prints taken from the lock did not match the defendant’s fingerprints. At the conclusion of his case, the defendant renewed his motion for judgment of acquittal. The court found that there was no evidence of a firearm and granted the motion as to that element of the charges but found that there was enough evidence for the jury to determine whether the defendant used a weapon in the commission of the crimes. The jury convicted the defendant as charged and the court adjudicated the defendant guilty of these offenses, classifying the burglary as a life felony pursuant to section 775.087(l)(a), Florida Statutes (1997). The court went on to sentence the defendant as a habitual offender to concurrent terms of twenty-five years.
We agree with the defendant that there was no evidence presented at trial to substantiate the allegation that he used a weapon during the commission of these crimes. The victim’s testimony that the defendant hit her with “something” is not sufficient to satisfy the state’s burden of proof on this element of the offenses. It is entirely conceivable that the “something” the victim referred to was a ring on the defendant’s hand, or even just his knuckle. Florida law is clear that in order to convict an accused of an armed offense, there must be proof that he carried or used a weapon during the commission of the crime. See Blanco v. State, 679 So.2d 792 (Fla. 3d DCA 1996).
We reverse the defendant’s conviction for armed burglary with an assault or battery and reduce it to burglary with an assault or battery, a first degree felony. Likewise, his armed robbery conviction is reduced to simple robbery, a second degree felony. We vacate the sentences originally entered and remand for re-sentencing. At re-sentencing a new score-sheet will be prepared and the trial court will again be free to sentence the defendant as a habitual offender if it still believes such a sentence to be appropriate.
Reversed and remanded for further proceedings.