807 So.2d 148 (2002)
J.W., Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4525.
District Court of Appeal of Florida, Second District.
February 6, 2002.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
*149 WHATLEY, Judge.
J.W., a juvenile, appeals his adjudications of delinquency for two counts of aggravated assault with a deadly weapon, battery, disorderly conduct, and petit theft. He argues that the trial court erred in denying his motion for judgment of acquittal as to the charges of aggravated assault with a deadly weapon because there was insufficient evidence of a deadly weapon. J.W. was accused of pointing a cigarette lighter, which looked like a gun, in the victims' faces. At the time of the offenses, both victims believed that the cigarette lighter was a gun. We conclude that the cigarette lighter could not be considered a deadly weapon pursuant to the aggravated battery statute and reverse. See § 784.021, Fla. Stat. (1999).
"A deadly weapon is: any instrument which, when used in the ordinary manner contemplated by its design, will or is likely to cause death or great bodily harm; or any instrument likely to cause great bodily harm because of the way it is used during a crime." C.A.C. v. State, 771 So.2d 1261, 1262 (Fla. 2d DCA 2000). McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978), is similar to the case at bar. In McCray, the appellant was convicted of robbery while carrying a weapon, which was a cigarette lighter shaped like a gun. The First District held that the lighter could only be considered a deadly weapon if, by its use or threatened use, great bodily harm or death is likely to occur, as might be the case if it were used to hit someone. Id. at 617. The court concluded that since the lighter was not used in a manner likely to cause great bodily harm, it could not be considered a deadly weapon. Id.
In another similar case, M.M. v. State, 391 So.2d 366, 368-369 (Fla. 1st DCA 1980), the First District held that the appellant was improperly convicted of aggravated assault where he pointed a starter pistol at the victim, which pistol was inoperable and could only be made operable by an experienced person. The First District concluded that the pistol could not be considered a deadly weapon, because it was not likely to cause great bodily harm or death in the manner in which it was designed, and the pistol was not likely to cause great bodily harm considering the nature in which it was used during the crime. Id. at 368.
In the present case, the lighter was not an instrument that, when used in the ordinary manner contemplated by its design, was likely to cause great bodily harm or death.[1] Further, there was no evidence that the lighter was used in a manner likely to cause great bodily harm. The State's witnesses testified that J.W. pointed the lighter at them. Compare Mitchell v. State, 698 So.2d 555, 558 (Fla. 2d DCA 1997) (holding that even if BB pistol had been a toy gun, it could be considered a deadly weapon because the appellant used the metal object to strike the victim in the head). Because J.W.'s lighter cannot be considered a deadly weapon, we reverse his adjudications of delinquency for aggravated assault and remand for the trial court to reduce the offenses to misdemeanor assault. J.W.'s other adjudications of delinquency are affirmed.
On remand, the trial court should enter separate orders of disposition for each of J.W.'s offenses. K.D. v. State, 779 So.2d 468 (Fla. 2d DCA 2000) (holding that when multiple offenses constitute the basis for a delinquency adjudication, the trial court must enter a separate disposition order for each offense).
*150 Affirmed in part, reversed in part, and remanded with directions.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] There was testimony that the lighter was not even operational.