816 So.2d 1186 (2002)
Corey HUTCHINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1060.
District Court of Appeal of Florida, Second District.
May 22, 2002.
*1187 James Marion Moorman, Public Defender, and Andrea Norgard, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Corey Hutchinson appeals his judgment and sentence for robbery with a weapon. He argues that reversal is required because the starter pistol that he used during the course of the robbery does not qualify as a weapon under Florida law. Based on the evidence presented in the trial court, we agree and reverse.
The term "weapon" is defined in section 790.001(13), Florida Statutes (1999), as "any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife." Hutchinson's starter pistol does not fall within this definition unless it is considered to be a deadly weapon;[1] however, the starter pistol does not qualify as a deadly weapon because there was no evidence that it was "normally dangerous or deadly when used in its ordinary and usual manner." See Mitchell v. State, 698 So.2d 555, 557 (Fla. 2d DCA 1997). Similarly, the starter pistol does not qualify as a firearm because there was no evidence presented that it was designed to, or could readily be converted to expel a projectile by the action of an explosive. See § 790.001(6), Fla. Stat. (1999).
We cannot agree with the State's argument that the starter pistol should be considered to be a weapon because Hutchinson used it to effectuate the robbery. Under the applicable case law, when an instrument does not meet the statutory *1188 definitions of "weapon" or "firearm," the courts use an objective test and look at whether the object was used in such a manner that it could have caused great bodily harm or death. See Williams v. State, 651 So.2d 1242, 1243 (Fla. 2d DCA 1995); Blanco v. State, 679 So.2d 792, 793-94 (Fla. 3d DCA 1996). The subjective intent of the perpetrator, or the subjective fear of the victim, is not determinative of whether the object would qualify as a weapon. Williams, 651 So.2d at 1243.
Here, there was no evidence that the starter pistol was used in such a manner that it could have caused great bodily harm or death; there was no evidence that it was normally dangerous or deadly when used in its ordinary and usual manner; and there was no evidence that it was designed to, or could readily be converted to expel a projectile by the action of an explosive. See Williams, 651 So.2d at 1243; Mitchell, 698 So.2d at 557; Brooks v. State, 605 So.2d 874, 875 (Fla. 1st DCA 1992), quashed on other grounds, 630 So.2d 527 (Fla.1993). Therefore, we are compelled to reverse Hutchinson's judgment and sentence for robbery with a weapon and remand for entry of a judgment and sentence for robbery under section 812.13(2)(c), Florida Statutes (1999).
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] An analogous situation was considered in Mitchell v. State, 698 So.2d 555 (Fla. 2d DCA 1997), where this court noted that because a BB gun is not an enumerated weapon in section 790.001(13), it can only be a "weapon" if it is also a "deadly weapon." Id. at 559 n. 4.