984 So.2d 624 (2008)
Marcus TRIBBITT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1524.
District Court of Appeal of Florida, Second District.
June 18, 2008.
Guillermo E. Gomez, Jr. of Gomez & Touger, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Marcus Tribbitt appeals his convictions and sentences for attempted robbery with a deadly weapon (count I),[1] armed robbery with a firearm (count II), and fleeing or attempting to elude (count III). Because the evidence does not support Tribbitt's conviction on count I, we reverse and remand for entry of an amended judgment reflecting a conviction for attempted robbery *625 and for resentencing on that count. We affirm Tribbitt's remaining convictions and sentences without discussion.
In count I of the Fourth Amended Information, the State charged Tribbitt with the attempted armed robbery of Tiffany Simo on May 4, 2006, pursuant to section 812.13(2)(a), Florida Statutes (2005). The Information alleged that in the course of the attempted robbery Tribbitt carried a firearm, brandished it, and demanded money. The Information also alleged that during the robbery, Tribbitt wore a mask, hood, or other device that concealed his identity.
After the State presented its evidence, Tribbitt moved for a judgment of acquittal on count I, arguing that the evidence did not establish that he carried a firearm or a weapon during the incident. The trial court denied Tribbitt's motion and his renewed motion made at the conclusion of the trial. As to count I, the jury found Tribbitt guilty of attempted robbery. It also found that he did not actually possess a firearm, that he possessed a weapon, and that he wore a mask, hood, or other device that concealed his identity. The trial court entered its written judgment for attempted armed robbery with a deadly weapon and sentenced Tribbitt to prison for fifteen years, concurrent with his life sentence on count II and his fifteen-year sentence on count III.
On appeal, Tribbitt argues that the evidence was insufficient to support the jury's finding that he carried a weapon during the attempted robbery of Ms. Simo. Our review is to determine whether there is competent, substantial evidence to support the jury's verdict. Crain v. State, 894 So.2d 59, 71 (Fla.2004); F.B. v. State, 852 So.2d 226, 230 (Fla.2003).
Section 812.13 sets forth the different degrees of robbery as follows:
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added.) Chapter 812 does not define "weapon"; thus "Florida courts have generally utilized the statutory definition of `weapon' provided in section 790.001(13) to determine whether a particular object constitutes a `weapon' for purposes of section 812.13(2)(b)." Williams v. State, 651 So.2d 1242, 1242-43 (Fla. 2d DCA 1995); see also Hutchinson v. State, 816 So.2d 1186, 1187 (Fla. 2d DCA 2002) (applying the definition of "weapon" under section 790.001(13) to overturn a conviction for robbery with a weapon).
Section 790.001(13), Florida Statutes (2005), defines "weapon" as "any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife." If the object carried during the robbery is not one of the items enumerated in the statute,
the courts use an objective test and look at whether the object was used in such a manner that it could have caused great bodily harm or death. See Williams v. State, 651 So.2d 1242, 1243 (Fla. 2d DCA 1995); Blanco v. State, 679 So.2d 792, 793-94 (Fla. 3d DCA 1996). The subjective intent of the perpetrator, or the *626 subjective fear of the victim, is not determinative of whether the object would qualify as a weapon.
Hutchinson, 816 So.2d at 1187-88.
Ms. Simo testified that during the attempted robbery, she observed something in Tribbitt's hand, but she could not "make out what it was." Tribbitt pushed her against a counter, and she felt something hard on her left shoulder blade. Tribbitt then told her to give him the money. Ms. Simo did not otherwise describe what was in Tribbitt's hand.
Karen Lee, who worked with Ms. Simo, testified that while she was in the back of the store, she heard Ms. Simo scream. She started towards the front of the store and saw a gentleman standing over Ms. Simo and saying something. When the man saw her, he ran out of the store. Ms. Lee did not observe a firearm or any other weapon. Other witnesses presented by the State testified as to Tribbitt's use of a firearm in a second crime committed shortly after the attempted robbery of Ms. Simo. The second incident resulted in Tribbitt's conviction on count II for armed robbery with a firearm.
In the defense case, Tribbitt testified that he carried a stick taped to a glove during his encounter with Ms. Simo. He said that he used the item to "[j]ust point," and he denied having a firearm.
The jury found that Tribbitt did not possess a firearm during his attempt to rob Ms. Simo, although it found that he possessed a weapon. However, the record contains no evidence that whatever Tribbitt had in his hand during the attempted robbery of Ms. Simo was used in a manner that could have caused great bodily harm or death or otherwise constituted a weapon.
Although the evidence was insufficient to establish that Tribbitt used a weapon during his attempted robbery of Ms. Simo, the jury found and the record supports that Tribbitt attempted to rob Ms. Simo. Accordingly, we reverse Tribbitt's conviction in count I for attempted robbery with a deadly weapon. We remand for the trial court to enter a judgment for the offense of attempted robbery and to resentence Tribbitt for that crime. See § 924.34, Fla. Stat. (2005) (providing that when the evidence does not prove the offense for which the defendant was found guilty but instead proves "a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense").[2]
Affirmed in part, reversed in part, and remanded.
KELLY and LaROSE, JJ., Concur.
NOTES
[1] Although the verdict form reflects that the jury found Tribbitt guilty of attempted robbery with a weapon, the judgment lists the crime as attempted armed robbery with a deadly weapon.
[2] In State v. Sigler, 967 So.2d 835, 845 (Fla. 2007), the Florida Supreme Court held that section 924.34 is "unconstitutional only to the extent that it can be read to allow the appellate court to direct entry of judgment for a lesser-included offense when all of the elements of the lesser-included offense have not been found by a jury beyond a reasonable doubt." The limitation recognized in Sigler does not apply here because the jury found that Tribbitt committed attempted robbery with respect to count I. We also observe that because the jury found that Tribbitt wore a mask during the commission of the attempted robbery, section 775.0845, Florida Statutes (2005), requires the trial court to reclassify his offense to the next higher degree of the offense for scoring purposes. See Sumpter v. State, 838 So.2d 624, 625 (Fla. 4th DCA 2003) (noting that section 775.0845 "requires a scoresheet classification to be moved up one level if a defendant is convicted of wearing a mask during the commission of a crime").