439 So.2d 328 (1983)
Andres GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2006.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
*329 NESBITT, Judge.
Garcia was charged and convicted of felony murder in the third degree. The underlying felonies charged were possession or attempted possession with intent to sell cocaine and/or the sale of cocaine. He challenges the sufficiency of the evidence to support his conviction.
The testimony adduced at trial indicated that the defendant was approached by two men to arrange a purchase of cocaine. The defendant contacted Onel Rodriguez to inquire if he could supply the drugs and arranged to bring the two men to Onel's apartment later in the day. At the agreed time, Garcia accompanied the men to Onel's residence, but remained outside. No testimony was offered as to what transpired inside Onel's bedroom. A witness stated that she saw the men enter Onel's room; she heard loud noises and saw the two men flee from the apartment, one brandishing a revolver. Onel and another man remained in the room. Police responded to a call regarding gunfire in the area and discovered the body of the victim later identified as Campos. In the meantime, Onel fled from the apartment.
On this evidence, we agree with the defense that the circumstantial evidence did not exclude the reasonable hypothesis that the homicide was an act independent from the underlying felony. See Bryant v. State, 412 So.2d 347 (Fla. 1982); Mahaun v. State, 377 So.2d 1158 (Fla. 1979); Adams v. State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977).[1] Nonetheless, the evidence does support a conviction for the lesser included offense of attempted sale of cocaine.
Because of this disposition, it is necessary for us to consider the appellant's second issue on appeal which pertains to an allegedly improper comment on the defendant's silence. The prosecutor's statement during closing argument was: "Also, think back about the presentation of the defense and I think you will have some doubts." The defense promptly objected and moved for a mistrial claiming that since the defense did not present a case, the comment was susceptible to being interpreted as a reference to the defendant's silence. The trial court denied the motion and we are in accord with that ruling.
While it is true that the defendant neither testified himself, nor put on any witnesses, a possible defense was explored during the cross-examination of the medical examiner. Defense counsel, at that time, asked questions which related to the possibility that the victim had committed suicide. As such, the state could properly ask the jury to think back to the defense-proffered evidence of suicide. This statement falls within the permissible range of comment on the nature of the evidence as it existed before the jury. White v. State, 377 So.2d 1149 (Fla. 1979), cert. denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980); State v. Jones, 204 So.2d 515 (Fla. 1967).
For the foregoing reasons, we affirm in part, reverse in part, and remand to the trial court with directions to adjudicate the defendant guilty of attempted sale of cocaine.
JORGENSON, J., concurs in result only.
NOTES
[1] The defendant makes the further argument that liability for third degree murder may only be imposed where the homicide is committed by a co-felon and that there is no evidence on this issue. Because we have determined that the requisite causal connection between the felony and the homicide has not been proven, we need not decide these issues and specifically decline to do so.