496 So.2d 982 (1986)
Oscar GOMEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2119.
District Court of Appeal of Florida, Third District.
November 4, 1986.
Bennett H. Brummer, Public Defender and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal from a judgment of conviction and sentence for second-degree murder, and a judgment of conviction and a withheld sentence for armed robbery. Based on the following briefly stated legal analysis, (1) we reverse the second-degree murder conviction and sentence and remand with directions to discharge the defendant as to this count in the information, and (2) we affirm the armed robbery conviction as a conviction for armed robbery with a weapon [§ 812.13(2)(b), Fla. Stat. (1985)] and remand with directions to impose a sentence thereon.
First, we agree with the initial point on appeal asserted by the defendant Oscar Gomez that the trial court erred in denying his motion for a judgment of acquittal as to the charge of second-degree murder. The defendant was charged with second-degree murder as a felony-murder, that is, a murder *983 arising from the perpetration or attempted perpetration of a robbery. § 782.04(1)(a)(2)(d), Fla. Stat. (1985). The evidence adduced by the state below establishes that the defendant participated, with an accomplice, in a robbery of the complainant herein in which a toy gun was used; that the defendant's accomplice was shot and killed during the commission of the robbery; and that it was unknown who in fact fired the fatal shot, it being clear that the robbery complainant did not. This being so, it is clear that the state failed to establish, as it was required to do, a causal connection between the homicide herein and the underlying felony: the charged robbery herein. At best, the state merely showed that the robbery and the homicide occurred at the same time; there is no direct or circumstantial evidence showing that the homicide was causally related to the robbery. Indeed, there is utterly no evidence as to who killed the defendant's accomplice, or why. It therefore follows that a judgment of acquittal on the second-degree murder charge was mandated in this case. See Bryant v. State, 412 So.2d 347, 350 (Fla. 1982); Mahaun v. State, 377 So.2d 1158, 1160 (Fla. 1979); Garcia v. State, 439 So.2d 328 (Fla. 3d DCA 1983); Mumford v. State, 19 Md. App. 640, 313 A.2d 563, 566 (1974); W.L. Clark & W.L. Marshall, Law of Crimes § 401, at 209 (7th ed. 1967).
Second, the next point on appeal raised by the defendant Gomez becomes moot in view of our ruling on his first point.
Third, we reject the last point on appeal raised by the defendant Gomez as we believe there was abundant evidence adduced below that a non-deadly "weapon," to wit: a toy gun, was carried by the defendant's accomplice in the course of committing the charged robbery, which evidence is sufficient to sustain a conviction for armed robbery with a "weapon" under Section 812.13(2)(b), Florida Statutes (1985). This is so because the toy gun, as used, qualifies as a "weapon" under the above statute because it was used to strike the robbery complainant several times  although, as the state concedes, the complainant received no serious injuries therefrom and, consequently, the toy gun, as used, was not a "deadly weapon" under Section 812.13(2)(a), Florida Statutes (1985). See J.M.C. v. State, 331 So.2d 366 (Fla. 3d DCA 1976); Bass v. State, 172 So.2d 614 (Fla. 2d DCA 1965); § 790.001(13), Fla. Stat. (1985). See generally W. LaFave & A. Scott, Handbook on Criminal Law § 94, at 703 (1972).
Affirmed in part; reversed in part and remanded.