690 So.2d 1332 (1997)
Dale Lashawn ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01106.
District Court of Appeal of Florida, Second District.
March 12, 1997.
Rehearing Denied April 3, 1997.
*1333 James Marion Moorman, Public Defender, and Amy Porinchak Thornhill, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
SCHOONOVER, Judge.
The appellant, Dale Lashawn Allen, challenges the judgments and sentences imposed upon him after a jury found him guilty of third degree felony murder, grand theft, and driving without a valid driver's license. We agree with the appellant's contention that the trial court erred by failing to enter a judgment of acquittal as to the third degree felony murder charge. We, accordingly, reverse and remand with instructions to discharge the appellant on that charge. We affirm, however, the appellant's convictions for grand theft and driving without a valid driver's license.
The record reflects that during the early morning hours of August 4, 1994, Mr. Berman reported that his Honda Accord was missing. The last time he saw the car, the evening before, it had no damage to its ignition system. According to the appellant, he was playing basketball at a park late in the evening of August 4, 1994. When the appellant asked a friend for a ride home, the friend told him that he could use Mr. Berman's Honda Accord which by that time was in the park. His friend handed him a spoon so that he could start the car which no longer had a complete ignition system. The appellant subsequently told a Tampa detective that he knew the car was stolen.
Shortly before midnight on August 4, 1994, the appellant was driving the automobile in a southbound direction on Dale Mabry in Tampa when another automobile crossed in front of him. The driver of the other vehicle died as a result of the accident. The appellant was not charged with any traffic offenses as a result of the accident.[1] He was, however, charged with, tried for, and found guilty of, grand theft of the automobile, third degree murder of the driver of the other automobile, and having no valid driver's license. The appellant filed a timely notice of appeal from the judgments and sentences imposed upon him.
As mentioned above, we affirm the convictions for grand theft and no valid driver's license. The appellant does not contend that he had a valid license, and he admitted that he knew that the automobile was stolen when his friend allowed him to use it. The evidence, therefore, was sufficient to allow the jury to find the appellant guilty of grand theft because he knowingly used the property of another with intent to either temporarily *1334 or permanently deprive the owner of a right to his property or to appropriate the property to his own use in violation of sections 812.014(1) and 812.014(2)(c), Florida Statutes (1993).
The trial court erred, however, by not granting the appellant's motion for judgment of acquittal in connection with the third degree murder charge filed against him. The motion was properly made at the close of the state's case in chief and renewed at the close of all of the evidence.
The appellant was charged with third degree murder in violation of section 782.04(4), Florida Statutes (1993). Count II of the amended information alleged that:
DALE ALLEN, on the 4TH day of AUGUST, 1994, in the County of Hillsborough and State of Florida, did unlawfully kill a human being, ... said killing perpetrated without any design to effect death while engaged in the perpetration of, or the attempt to perpetrate a felony, to-wit: Grand theft of a Motor Vehicle.
The jury was instructed that in order to find the appellant guilty of third degree murder, the state must prove beyond a reasonable doubt that the victim was dead, that the death occurred as a consequence of and while the appellant was engaged in the commission of grand theft, and that the appellant was the person who actually killed the victim. In this case, the evidence was not sufficient to support a finding that the death occurred as a consequence of and while the appellant was engaged in the commission of the grand theft.
The fact that an incidental death occurs in conjunction with a felony does not in itself make the perpetrator of the felony guilty of felony murder. In any felony murder conviction the element of causation, i.e. that the homicide was committed in the perpetration of the felony, must be established. Mahaun v. State, 377 So.2d 1158 (Fla.1979). See also Adams v. State, 310 So.2d 782 (Fla. 2d DCA 1975), vacated in part, 335 So.2d 801 (Fla.1976). In this case it was not.
The state established that the appellant stole an automobile and was involved in an accident resulting in a death while he was driving that automobile. The state did not show, however, that the death was causally related to the grand theft. The fact that the felony and the death were close in time does not in itself establish causation. See Gomez v. State, 496 So.2d 982 (Fla. 3d DCA 1986). The time factor must of course be evaluated when determining the result of a case where the perpetrator of a felony is responsible for a homicide while attempting to escape the scene of a crime. In such an instance, the term "the perpetration of" includes the period of time a felon is attempting to escape from the scene of the crime. Parker v. State, 570 So.2d 1048, 1051 (Fla. 1st DCA 1990). In Parker, our sister court said in determining when flight has terminated, it is useful to consider the purpose of the felony murder statute, i.e. to protect the public from inherently dangerous situations caused by the commission of the felony. Id. at 1051. Therefore, in the absence of some definitive break in the chain of circumstances beginning with the felony and ending with the killing, the felony, although technically complete, is said to continue to the time of the killing. Parker, 570 So.2d at 1051. The relationship between the felony and the homicide in point of time, place, and causal relationship are factors to be considered in determining whether there has been a break in the chain of circumstances. Parker, 570 So.2d at 1051. Furthermore, when considering flight, a most important factor is whether the fleeing felon has reached a place of temporary safety. LaFave, Substantive Criminal Law, § 7.5 (1986).
In this case, after considering the relationship between the grand theft and the accident, we conclude that there was a break in the chain of circumstances, and the appellant was, therefore, not engaged in the commission of the grand theft at the time of the accident. If the victim in this case had been killed as a result of certain acts occurring during an escape attempt just after the vehicle had been stolen, the result would be different. In that situation, there would have been an unbroken chain of events, and the death would have resulted from the commission of a felony. Parker, 570 So.2d at *1335 1052. In this case any flight from the scene of a crime, either when the car was originally taken or when the appellant took control of it, according to his testimony, had been completed, and therefore, the death did not occur as a result of the perpetration of the grand theft. See, e.g., Gomez, 496 So.2d at 982.[2]
We, accordingly, reverse and remand for the entry of an order discharging the appellant on the felony murder charge and, because a new sentencing scoresheet deleting the felony murder conviction must be prepared, for resentencing on the remaining charges.
Reversed and remanded with instructions.
DANAHY, A.C.J., and FULMER, J., concur.
NOTES
[1] Because of our holding in this case, it is not necessary for us to consider the appellant's contention that the court erred by not allowing evidence of the presence of alcohol and drugs in the victim's system at the time of the accident. But see Parker v. State, 570 So.2d 1048 (Fla. 1st DCA 1990)(where there is a clear causal relationship between the felony and the death, negligent acts of innocent parties will not act as a defense to second degree felony murder).
[2] For a good discussion of the felony murder rule in general, see King v. Commonwealth, 6 Va.App. 351, 368 S.E.2d 704 (1988).