PER CURIAM.
In this appeal of an order summarily denying his motion for post-conviction relief, the appellant claims two grounds for reversal. We affirm that part of the order denying the first claim, but we reverse and remand the second claim for further proceedings.
The appellant entered a plea of guilty to robbery with a firearm, among other offenses. In Ground One of his motion, the appellant alleged ineffective assistance of counsel based on his attorney’s failure to inform the appellant that he could not be convicted of armed robbery with a firearm because the shotgun used in the commission of the offense “did not have a firing pin and could not be readily converted to fire.” The crime in question is covered by section 812.13(2), Florida Statutes (1993) (dealing with robbery in which the offender “carried a firearm or other deadly weapon”). Although that statutory provision does not define “firearm,” the “weapons and firearms” chapter defines “firearm” as including “any weapon ... which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; ...” § 790.001(6), Fla. Stat. (1993). We conclude that the lower tribunal correctly denied this claim on the basis that, under the statutory definition of “firearm,” operability is not a determinative factor. Machado v. State, 363 So.2d 1132, 1136-37 (Fla. 3d DCA 1978), cert. den., 373 So.2d 459 (Fla.1979); State v. Altman, 432 So.2d 159 (Fla. 3d DCA 1983).
Ground Two of the motion alleged that trial counsel had'told the appellant that, while he would serve a mandatory minimum term of 3 years, with gain-time, he would be released at the end of that term. Instead, the appellant did not receive gain-time during that mandatory minimum term, and he is actually serving 4 years and 3 months in prison. The appellant alleged that he would not have accepted the plea if his attorney had given him correct information. We are unable to find any meaningful distinction between these allegations and those in State v. Leroux, 689 So.2d 235 (Fla.1996) (approving decision of district court reversing order of *919 denial where, notwithstanding a negotiated agreement to 15-year prison sentence with 3-year mandatory minimum, the plea colloquy and other portions of record did not conclusively refute claim that trial counsel had informed the defendant that he would actually be released from prison in 4 years because of his entitlement to provisional gain-time credits, but after his incarceration, the defendant learned that counsel’s advice was erroneous and that he would have to serve more than 7 years before release). Accordingly, we reverse the denial of relief as to Ground Two and remand for further proceedings.
AFFIRMING in part, and REVERSING and REMANDING in part for further proceedings.
WEBSTER, MICKLE and PADOVANO, JJ., concur.