757 So.2d 1275 (2000)
Serod STANLEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D99-1800, 4D99-1801, 4D99-1837, 4D99-1841.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
In this case the appellant was charged with four counts of robbery with a weapon, for producing a gun and demanding money at four different convenience stores. He moved for judgment of acquittal on the charges, contending that because a firearm was not a weapon under the statutory definition, he could be found liable only for strong armed robbery. We agree that because the state failed to charge the appellant with robbery with a firearm, and it did not prove that the "weapon" could be used to cause death or inflict serious bodily harm, the judgment of acquittal as to the higher charge should have been granted.
The instant case involves four separate robberies which were consolidated for purposes of trial and appeal. In each case, appellant Stanley entered a gas station store, asking for cigars. As the cashier opened the register, Stanley produced a gun and demanded money, which the cashiers gave him. The gun in question, according to Stanley, was a cheap, unreliable gun that lacked a firing pin. However, because the frame of the gun remained intact, it qualified as a firearm, as the state agreed. See Blackmon v. State, 696 So.2d 918, 918 (Fla. 1st DCA 1997)(gun lacking a firing pin fit definition of a "firearm").
For some reason not revealed in the record, the state did not charge Stanley with robbery with a "firearm or other deadly weapon" under section 812.13(2)(a), Florida Statutes (1997), but instead charged him with robbery with a weapon under section 812.13(2)(b). A conviction for robbery with a firearm or other deadly weapon is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, see § 812.13(2)(a), Fla. Stat. (1997), while robbery with a weapon is a first degree felony punishable by imprisonment not exceeding thirty years. See § 812.13(2)(b), Fla. Stat. (1997). In its motion for judgment of acquittal at the close of the state's case, the defense argued that since a firearm was excluded from the definition of a weapon in the statutes, Stanley could not be found guilty of robbery with a weapon. The trial court denied the motion. In instructing the jury the court used the standard instruction. *1276 Stanley was convicted of robbery with a weapon.
Neither the terms "firearm" nor "weapon" are defined in chapter 812. Instead, the courts have generally looked to chapter 790, relating to weapons and firearms, to define the terms. See Williams v. State, 651 So.2d 1242, 1242-43 (Fla. 2d DCA 1995)("Florida courts have generally utilized the statutory definition of `weapon' provided in section 790.001(13) to determine whether a particular object constitutes a `weapon' for purposes of section 812.13(2)(b)") (citation omitted). See also Blackmon, 696 So.2d at 918; M.R.R. v. State, 411 So.2d 983, 984 (Fla. 3d DCA 1982), disagreed with by Duba v. State, 446 So.2d 1167, 1169 (Fla. 5th DCA 1984); Hartman v. State, 403 So.2d 1030, 1030-31 (Fla. 4th DCA 1981); McCray v. State, 358 So.2d 615, 616-17 (Fla. 1st DCA 1978).
However, in Dale v. State, 703 So.2d 1045, 1046 (Fla.1997), the supreme court stated that, "[a]lthough section 812.13 fails to define the terms `firearm' and `weapon,' the definitions for these terms contained in the Florida Standard Jury Instructions are a correct statement of the law...." Under the standard jury instructions, a "firearm" is legally defined in accordance with section 790.001, the weapons and firearms statute. The jury instruction states: "[a] `weapon' is legally defined to mean any object that could be used to cause death or inflict serious bodily harm." Fla. Std. Jury Instr. (Crim.) 156(a). While Dale may throw into doubt the use of chapter 790 to define a "weapon" under section 812.13(2)(b), we conclude that under either definition appellant's conviction must be reduced.
Section 790.001(13) defines "weapon" as "any dirk, metallic knuckles, slingshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon except a firearm ...." (Emphasis added). Firearms are defined elsewhere, and punishment is increased in many statutes, including the robbery statute, if a crime is committed with a firearm. It is clear, therefore, that if the statutory definitions of "weapons" and "firearms" are used, Stanley cannot be convicted of robbery with a weapon, when he possessed a firearm, because the statutory definition of weapon excludes firearms.
If we apply the definition of "weapon" contained in the standard jury instruction, as approved by the supreme court in Dale, we conclude that the judgment of acquittal should still be granted because the state failed to prove that the weapon actually displayed in the robbery could cause serious injury or death. In Brooks v. State, 605 So.2d 874 (Fla. 1st DCA 1992), rev. on other grounds by Brooks v. State, 630 So.2d 527 (Fla.1993), the appellant displayed a small black pistol to a service station cashier and demanded money. Officers were alerted and pursued the appellant, apprehending him with a black starter pistol in his possession. The state charged the appellant with robbery with a weapon, and the appellant argued that either under the statute or the jury instruction definition, the state had failed to prove the necessary elements of the crime. In its opinion, the court discussed the difference between the jury instruction definition and the statutory definition of weapon and concluded that the two were the same. In pertinent part the court stated:
In opposition to appellant's motion for judgment of acquittal on the count charging robbery with a weapon, the state argued below, as here, that although the starter pistol did not meet the statutory definition of a firearm, it was a weapon for purposes of section 812.13(2)(b) because it could have been used as a bludgeon. On appeal, appellant agrees that an object may be construed as a deadly weapon, which is encompassed within the definition of a weapon, section 790.001(13), Florida Statutes (1989) because of its use or threatened use during an alleged crime. McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978). However, appellant contends that the starter pistol in this case *1277 could not be considered a deadly weapon because the undisputed evidence shows that its threatened use was as a firearm, and it was not used or threatened to be used as a bludgeon. We agree with appellant's contention.
As the state acknowledges, the McCray case focuses on the definition of weapon found in section 790.001(13). The state contends, however, that the Florida Standard Jury Instruction on Robbery, which also defines weapon, is relevant in this case. The Florida Standard Jury Instruction defines weapon as something that "could be used to cause death or inflict serious bodily harm." The state argues, accordingly, that the starter pistol in this case could have been used to cause death or inflict serious bodily harm. Aside from the fact that we find no evidentiary basis in the record to support this conclusion, we also find that the state's argument concerning the effect of the jury instruction is without merit.
It is true that Florida courts have generally utilized the statutory definition of "weapon" provided in section 790.001(13) to determine whether a particular object constitutes a "weapon" for purposes of section 812.13(2)(b). Streetman v. State, 455 So.2d 1080, 1082 (Fla. 2d DCA 1984). Using this approach, courts determine that a device used in the course of a robbery qualifies as a weapon only if it is either one of the objects specifically delineated in the statute, or a deadly weapon. Id. As this court recognized in McCray, 358 So.2d at 617, a weapon is deadly if, by its use or threatened use, death or great bodily injury is likely to be produced. Whether a particular object is a deadly weapon oftentimes depends upon the nature and actual use of the instrument. Id. The state urges here that the standard jury instruction provides a different standard to measure weapon status from that of the definition of weapon contained in section 790.001(13). We disagree. As the Streetman court pointed out, both the standard jury instruction and the statutory definition focus on the capability of the instrument to injure. Streetman, 455 So.2d at 1082.
In this case the state did not prove that the starter pistol had a capability to injure. The starter pistol was not used in a manner which would or could cause death or inflict serious bodily harm. Bates v. State, 561 So.2d 1341 (Fla. 2d DCA 1990); Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989); Ridley v. State, 441 So.2d 188 (Fla. 5th DCA 1983); Paul v. State, 421 So.2d 696 (Fla. 2d DCA 1982); and MRR v. State, 411 So.2d 983 (Fla. 3d DCA 1982); compare Gomez v. State, 496 So.2d 982 (Fla. 3d DCA 1986)(toy gun was a "weapon" for purposes of armed robbery with a weapon conviction under section 812.13(2)(b) where the toy gun was used to strike the robbery complainant several times); Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985)(razor blade a deadly weapon when it was held to the victim's throat in an attempted armed robbery). We therefore reverse the conviction for robbery with a weapon, and direct entry of a judgment of conviction for the lesser offense of simple robbery pursuant to section 812.13(2)(c), Florida Statutes (1989).
Brooks, 605 So.2d at 875-76 (footnote omitted).
We agree with the analysis of Brooks. In applying it to the facts of this case, the "weapon" used was an inoperable firearm. The state did not prove that the weapon actually used had the capability to injure, and in fact the only testimony offered showed that it did not. The gun was not used in a manner which would or could cause death or serious bodily injury, such as using it as a club as in Gomez.
But for the state's failure to charge Stanley with the greater charge, he should have been convicted of robbery with a firearm. However, the state elected to charge him with robbery with a weapon *1278 but failed to offer the proof that would be necessary to convict him of this charge. We therefore reverse and remand for entry of a judgment of conviction for the lesser offense of robbery pursuant to section 812.13(2)(c).
Stanley also raises a challenge to the constitutionality of the Prison Releasee Reoffender Act, section 775.082(8)(a)1., which we have previously affirmed. See Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999), rev. granted, No. SC 96713, ___ So.2d ___ (Fla. Apr. 12, 2000); Young v. State, 719 So.2d 1010, 1011 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 915 (Fla.1999). However, because of our reversal, appellant will have to be resentenced and the application of the act's provisions reconsidered with respect to a new sentence.
Reversed.
KLEIN and TAYLOR, JJ., concur.