793 So.2d 69 (2001)
Deandre BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4714.
District Court of Appeal of Florida, Fourth District.
July 25, 2001.
Rehearing Denied September 19, 2001.
Deandre Baker, Mayo, pro se.
No appearance required for appellee.
DELL, J.
Appellant pled guilty to third-degree felony murder and was sentenced to 12.1 years in prison. He appeals from the circuit court's order denying his motion for post-conviction relief. We affirm.
Appellant confessed to police that he and a friend took an abandoned truck from an alley. They knew the truck had been stolen because the ignition was out. Appellant began driving, made a right turn, and turned again across a median in front of the decedent's motorcycle, causing a fatal collision. Appellant and his friend fled on foot, but eventually surrendered themselves to the police.
Appellant contends that his plea was involuntary, because he was misled into believing that he could be convicted of felony murder when, under Lester v. State, 737 So.2d 1149 (Fla. 2d DCA 1999), he could not. Appellant further contends that trial counsel was ineffective for his failure to argue that he could not be convicted of third-degree felony murder under Lester. We reject appellant's claim and hold that under this court's reasoning in State v. Williams, 776 So.2d 1066 (Fla. 4th DCA 2001), appellant's theft of the vehicle was not too attenuated from the fatal collision to support his felony murder conviction.
In Lester, the defendant took a car that he knew had already been stolen by someone else. He began driving recklessly when he saw a police car, ran a stop sign, and caused a fatal accident. The court concluded that the death did not occur in the perpetration of the felony of grand theft, because the defendant was not fleeing the scene of the grand theft at the time of the accident. It held that the reckless driving after spotting the police car was too attenuated from the grand theft. 737 So.2d at 1152.
*70 In State v. Williams, 776 So.2d 1066 (Fla. 4th DCA 2001), the defendant and two others committed a car jacking. Approximately twenty-four hours later, they took part in a police chase which resulted in a fatal collision with a van. This court concluded that there had been a break in the chain of circumstances between the theft and the fatal accident and rejected the state's argument that the crime of grand theft was a continuing crime. The Williams court affirmed a judgment of acquittal for the defendant holding that
If the [felony murder] rule is to have any deterrent effect, it must not be extended to killings which are collateral to and separate from the underlying felony. Moreover, requiring a close nexus between the initial taking and the killing is particularly appropriate given that the felony murder rule is "a legal fiction in which the intent and the malice to commit the underlying felony is `transferred' to elevate an unintentional killing to ... murder." Pierce, 23 S.W.3d at 296 (quoting State v. Buggs, 995 S.W.2d 102, 107 (Tenn.1999)).
Id. at 1072. This court also discussed the Second District Court of Appeal's analysis in Lester and concluded:

Lester presents a weaker case for finding a break in the chain of circumstances between the death and the underlying felony than does this case. The evidence at trial was that Lester did not steal or drive the car when it was taken the previous evening. Lester told a police officer that he knew the car was stolen. The implication in the case is that Lester's unlawful use of the car first took place on the same morning as the accident. Nonetheless, the second district looked to the grand theft of the car the previous night to determine whether Lester's reckless driving was "too attenuated" from the grand theft to support a felony murder conviction. Lester, 737 So.2d at 1151.
Lester fails to take into account that the defendant's use of the car the day after the initial taking was a violation of the grand theft statute apart from any crime committed the day before by another. Under Lester's facts, it makes no sense to begin the felony murder "chain of circumstances" with the original theft committed by another, instead of from the defendant's felonious conduct immediately preceding and during the fatal accident.
Id. at 1071.
Here, the facts are clearly distinguishable from those considered in Williams. However, under the reasoning and holding of Williams, we conclude that the trial court was correct to deny appellant's motion for post-conviction relief.
Appellant's theft of the truck constituted a theft separate and apart from the original theft of the truck. See § 812.014(1), Fla. Stat. (1999)(providing in part that a theft occurs where the defendant knowingly obtains or uses the property of another with intent to temporarily or permanently deprive the person of the right to or a benefit from the property, or to appropriate the property to the defendant's or someone else's use); Allen v. State, 690 So.2d 1332 (Fla. 2d DCA 1997)(determining that evidence that the defendant knew that the car was stolen when his friends allowed him to use it was sufficient to support his theft conviction). As the court said in Williams, "Lester fails to take into account that the defendant's use of the car the day after the initial taking was a violation of the grand theft statute apart from any crime committed the day before by another." Id. at 1071. For the reasons expressed in Williams, we hold that appellant's grand theft of the truck moments *71 before the fatal collision was sufficient to support his conviction of felony murder.
Accordingly, we affirm the trial court's order denying appellant's motion for postconviction relief and certify conflict with Lester v. State, 737 So.2d 1149 (Fla. 2d DCA 1999).
WARNER and KLEIN, JJ., concur.