PER CURIAM.
Appellant challenges his convictions and sentences for two counts of kidnapping and one count of robbery with a weapon. We affirm Appellant’s convictions for kidnapping without discussion.
However, regarding Appellant’s conviction for robbery with a weapon, the State failed to prove that the drill, which was covered with a bandana, was used as a weapon in a manner likely to cause death or great bodily harm. The record contains no evidence that Appellant made any threatening motion toward the victims with the drill and never verbally threatened to shoot or harm them. Appellant also never threatened to use the drill as a bludgeon or other type of weapon. See Prosser v. State, 742 So.2d 400 (Fla. 1st DCA 1999) (reversing conviction for armed robbery where there was no evidence that defendant used shrouded object in threatening manner or used object as a bludgeon); Butler v. State, 602 So.2d at 1306 (reversing conviction for armed robbery where defendant never used object as a bludgeon or threatened to use the object as a gun); see also Bates v. State, 561 So.2d 1341 (Fla. 2d DCA 1990) (reversing conviction for robbery with a deadly weapon where defendant carried a “nut driver” underneath a rag and did not use or threaten to use the object in a violent way).
Because the evidence was legally insufficient to establish that Appellant carried a “weapon” during the robbery, we reverse his conviction for robbery with a weapon and remand for entry of a judgment of unarmed robbery pursuant to section 812.13(2)(c), Florida Statutes (2001), and to resentence Appellant in accordance with that judgment.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
BOOTH, VAN NORTWICK and LEWIS, JJ., concur.