GERBER, J.
The defendant argues that his conviction for robbery with a “weapon” should be reversed because the state presented evidence that the gun used in the robbery was not a firearm, but a toy gun. We agree with the defendant that such evidence, by itself, is insufficient to support a conviction for armed robbery with a “weapon.” Therefore, we reverse and remand for entry of judgment and resen-tencing on the lesser included offense of robbery.
The state charged the defendant with robbery with a weapon pursuant to section 812.13(2)(b), Florida Statutes (2009). That statute provides, “If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree.... ” In Dale v. State, 703 So.2d 1045, 1046 (Fla.1997), our supreme court stated that although section 812.13 *248 fails to define the term “weapon,” the definition for that term contained in the Florida Standard Jury Instructions is a correct statement of the law. Standard Jury Instruction 15.1 (2009) defines a “weapon” to mean “any object that could be used to cause death or inflict serious bodily harm.”
In this case, the state did not introduce any evidence to show that the toy gun could be used to cause death or inflict serious bodily harm. While we appreciate that the victim did not know the gun was a toy and understandably was in fear, “Florida courts apply an objective test and look to the nature and actual use of the instrument and not to the subjective fear of the victim or intent of the perpetrator.” Williams v. State, 651 So.2d 1242, 1243 (Fla. 2d DCA 1995).
The state’s reliance on Gomez v. State, 496 So.2d 982 (Fla. 3d DCA 1986), is misplaced. There, the third district upheld a conviction for armed robbeiy with a weapon “because the toy gun ... was used to strike the robbery complainant several times.” Id. at 983. Here, however, the state’s evidence did not show that the defendant used the toy gun in any such manner.
Based on the foregoing, we are compelled to reverse, even though the defendant raised this argument for the first time on appeal. See F.B. v. State, 852 So.2d 226, 230-31 (Fla.2003) (“[A]n argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime ... meets the requirement of fundamental error — i.e., an error that reaches to the foundation of the case and is equal to a denial of due process.”).
We remand for the entry of judgment and resentencing on the lesser included offense of robbery pursuant to section 812.13(2)(c), Florida Statutes (2009) (“If in the course of committing the robbery the offender carried no ... weapon, then the robbery is a felony of the second degree .... ”). See Stanley v. State, 757 So.2d 1275, 1277-78 (Fla. 4th DCA 2000) (remanding for the entry of judgment and resentencing for the lesser included offense of robbery pursuant to section 812.13(2)(c) where the state failed to offer proof which would be necessary to convict the defendant of robbeiy with a “weapon”).

Reversed and remanded.

WARNER and DAMOORGIAN, JJ., concur.