IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PHILLIP BROWNE,

      Appellant,

v.                                    Case No.  5D16-3791

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 9, 2018

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

James S. Purdy, Public Defender, and
Robert E. Wildridge, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.


ORFINGER, J.

      Phillip Browne appeals his conviction and sentence for robbery with a weapon.  He

argues that the trial court erred by denying his motion for judgment of acquittal because

he did not use a weapon during the robbery.[1]  We agree and reverse in part.

---

[1] Browne was also convicted of fleeing or eluding at high speed but does not
challenge that conviction or sentence on appeal.

The victim was standing by his car in a parking lot when a car driven by Browne approached and waved him over. When the victim came near the driver's window, Browne pointed what appeared to be a double-barreled shotgun at the victim and ordered him to hand over his wallet. The victim complied and Browne drove away, resulting in a police chase and Browne's arrest. When the police searched the car, they found the double-barrel of a shotgun that had been detached from the receiver, stock, and firing mechanism. Browne later admitted he robbed the victim, but claimed he had not used a real gun.

The State charged Browne with robbery with a weapon in violation of section 812.13(2)(b), Florida Statutes (2015). At trial, Browne moved for judgment of acquittal, arguing that the State failed to prove the object used in the robbery was a weapon as defined by section 790.001(13), Florida Statutes (2015). The State disagreed, arguing that the standard jury instruction on robbery, which defines a "weapon" as "any object that could be used to cause death or inflict serious bodily harm," was controlling and that, because the shotgun barrel could have been used as a club, that element of the crime was satisfied. The trial court denied the motion and the jury found Browne guilty of robbery with a specific finding that he carried a weapon during the course of the robbery. Browne renewed his motion for judgment of acquittal after trial but before sentencing, and the court denied it again. This appeal follows.

Appellate courts review de novo orders on motions for judgment of acquittal. Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). A conviction must be supported by competent, substantial evidence. Id.; see Dale v. State, 703 So. 2d 1045, 1047 (Fla. 1997) (holding that question of whether BB gun can be deadly weapon is question of law,

but question of whether BB gun was used in way "likely to produce death or great bodily injury" is question of fact for jury); Brown v. State, 86 So. 3d 569, 572 (Fla. 2d DCA 2012) (holding courts may "reverse convictions [of aggravated battery] when the State fails to present competent substantial evidence that the object used is a deadly weapon").

Section 812.13(2) prohibits three types of robbery: simple robbery, robbery with a weapon, and robbery with a deadly weapon. Robbery with a weapon is a first-degree felony under section 812.13(2)(b). However, robbery with a firearm or a "deadly weapon" is a first-degree felony punishable by life in prison under section 812.13(2)(a). The robbery statute does not define "weapon" or "deadly weapon." See Mitchell v. State, 698 So. 2d 555, 559 (Fla. 2d DCA 1997). Consequently, Florida courts apply the definition of "weapon" found in section 790.001(13) to violations of the robbery statute. Stanley v. State, 757 So. 2d 1275, 1276 (Fla. 4th DCA 2000). Section 790.001(13) defines a "weapon" as "any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife."[2] (Emphasis added). Florida Standard Jury Instruction Criminal 15.1—the instruction applicable to robbery—defines a "weapon" as "any object that could be used to cause death or inflict serious bodily harm." More importantly, the jury instruction defines a "deadly weapon" as an object "used or threatened to be used in a way likely to produce death or great bodily harm." Id.

When, as here, a defendant is charged with robbery with a weapon, the state must prove either that the object was one of the enumerated weapons in section 790.001(13)

---

[2] Oddly, the definition of weapon itself includes a "deadly weapon," but the statute does not define a "deadly weapon."

or that it was a "deadly weapon." When the object used is not one of the enumerated objects in the definition of "weapon" found in section 790.001(13), we apply an objective test focusing on the nature and actual use of the object, not on the subjective belief of the victim or intent of the defendant, to determine whether it constituted a "weapon." Hamilton v. State, 71 So. 3d 247, 248 (Fla. 4th DCA 2011); Tribbitt v. State, 984 So. 2d 624, 625-26 (Fla. 2d DCA 2008); Blanco v. State, 679 So. 2d 792, 793-94 (Fla. 3d DCA 1996). In other words, the state must prove that, in the way it was used, the instrument was likely to cause death or great bodily harm. Blanco, 679 So. 2d at 794. Needless to say, the shotgun barrel used by Browne was not any of the specifically delineated weapons found in section 790.001(13). So, the issue is whether the State proved that the barrel was a deadly weapon based on how it was used. We conclude it did not.

"[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Donato v. Am. Tel. & Tel. Co., 767 So. 2d 1146, 1150 (Fla. 2000) (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984)). Moreover, courts cannot construe an unambiguous statute to "extend, modify, or limit, its express terms or its reasonable and obvious implications." Id. at 1151 (quoting Holly, 450 So. 2d at 219). This would be "an abrogation of legislative power." Id. Thus, the statutory definitions guide us.

A deadly weapon has been defined in the case law and standard jury instruction on robbery in two ways.[3] First, as an object "used or threatened to be used in a way likely

---

[3] In Dale v. State, 703 So. 2d 1045, 1046 (Fla. 1997), the supreme court stated that "[a]lthough section 812.13 fails to define the terms 'firearm' and 'weapon,' the definitions for these terms contained in the Florida Standard Jury Instructions are a

to produce death or great bodily harm." Fla. Std. Jury Instruct. (Crim.) 15.1; accord Holley v. State, 877 So. 2d 893, 896 (Fla. 1st DCA 2004) (defining "other deadly weapon" as "object which is used . . . in such a way that it would be likely to cause death or great bodily harm"); Stanley, 757 So. 2d at 1277 (holding that inoperable gun was not weapon because it "was not used in a manner which would or could cause death or serious bodily injury, such as using it as a club"). Or, as an object likely to cause death or great bodily harm "when used in the ordinary and usual manner contemplated by its design and construction." Holley, 877 So. 2d at 896 (quoting Robinson v. State, 547 So. 2d 321, 323 (Fla. 5th DCA 1989)).

Here, the shotgun barrel that Browne used was detached from the stock and firing mechanism of the shotgun, making it impossible to use as a gun. He pointed the barrel at the victim, but did not swing it or otherwise use it as a club or bludgeon. There was no evidence that the "ordinary and usual" use of the shotgun barrel itself is to cause death or great bodily harm. See id. Nor was there any evidence that Browne actually used the shotgun barrel to strike the victim, and the way Browne did use it was not likely to produce death or great bodily harm. See Hamilton, 71 So. 3d at 248 (holding that toy gun was not "weapon" under standard jury instruction 15.1 because there was no evidence defendant used it to strike victim); Gaines v. State, 869 So. 2d 603, 604 (Fla. 1st DCA 2004) (holding that drill covered in bandana was not "weapon" because there was no evidence defendant threatened to shoot or harm victim with it); Stanley, 757 So. 2d at 1275 (holding that gun

---

correct statement of the law." While Dale may cast doubt on the use of chapter 790 to define a "weapon" under section 812.13(2), we conclude that under either definition, Browne's conviction must be reduced because the State failed to prove the shotgun barrel could cause serious injury or death in the way it was used.

5

without firing pin was not "weapon" under standard jury instruction because state had not proved it could cause serious injury or death and it was not "used in a manner which would or could cause death or serious bodily injury").

As a result, we conclude the trial court erred in denying Browne's motion for judgment of acquittal because the State failed to present competent, substantial evidence that Browne actually used the barrel in a way that was likely to cause death or great bodily harm.  For these reasons, we reverse Browne's judgment and sentence for robbery with a weapon and remand for the trial court to enter a judgment and resentence Browne on the lesser included offense of simple robbery under section 812.13(c).  We affirm his judgment and sentence for fleeing or eluding at high speed.[4]

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA and TORPY, JJ. concur.

---

[4] Our holding renders moot Browne's second issue on appeal, the denial of his request for a special jury instruction that would have defined "weapon" similarly to the definition of "deadly weapon" under standard instruction 15.1.